Petitioners, Old Southern Life Insurance Company and F.G. Compton, call to our attention that, among other things, our opinion is in error as to a procedural matter. In the opinion we say:
 The defendants raise as an issue that the court below erred in charging the jury on actions for fraudulent refusal to pay, tort of bad faith and tort of outrage. Having determined that plaintiff did have a cause of action in contract and fraud, we find defendants' argument in this regard without merit. In Trammell v. Robinson, 34 Ala. App. 91, 98, 37 So.2d 142, 148 (1958), we said:
 [I]f there is a good count in the complaint, although other counts may be defective, and a general verdict in favor of the plaintiff is returned, the judgment will be referred to the good count if there is evidence to sustain it, and the judgment will not be reversed because of the court's erroneous ruling on demurrers to the defective count. (Footnote omitted.)
The petitioners contend that the reasoning in Trammell deals only with a pleading problem and does not extend to the facts in this case where petitioners are claiming not that a count was defective, but that there was insufficient evidence to charge the jury on the tort of outrage and the tort of bad faith refusal to pay an insurance claim. Since the opinion was released in this case, we have had occasion to review in depth the substance of petitioner's contention in another case. Exparte Nix, 401 So.2d 64 (Ala. 1981). Our Court of Civil Appeals, as well as this Court, has not always been clear on its application of Trammell. On some occasions the doctrine has been applied to fact situations similar to that in this case. On reconsideration, we believe the better view to be that if a complaint has more than one count and the defendant believes that the evidence is not sufficient to support one or more of those counts, he must challenge this by motion for directed verdict, specifying the count which is not supported by evidence and detailing with specificity the grounds upon which the particular count is not supported by the evidence. If this is not done and all counts go to the jury and a general verdict is returned, the court will presume that the verdict was returned on a valid count.
The question in this case is: Did the petitioners challenge by motion for directed verdict the failure of the plaintiff to make out a case under the tort of outrage and the tort of bad faith refusal to pay an insurance claim, and argue the motion with specificity? We have carefully reviewed the record and we do find that the defendants filed a motion for directed verdict as to these two counts, but they did not preserve error as to the tort of outrage because the insufficiency of the evidence was not argued with sufficient specificity. However, as to the tort of bad faith refusal to pay an insurance claim, we find the defendant did argue with sufficient specificity. On the other hand, our review of the evidence leads to the conclusion that there was ample evidence to support the judge's submission of this count to the jury.
We do not find merit in petitioners' other objections to the court's opinion. *Page 139 
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
FAULKNER, JONES, SHORES and BEATTY, JJ., concur.
EMBRY, J., concurs specially.
TORBERT, C.J., dissents.
MADDOX and ALMON, JJ., not sitting.